ALBION R. P. BRADBURY *vs*. EMERSON R. BARDIN.

In an action for fraud in the sale of the defendant's business as a physician, the declaration alleged that the defendant falsely represented his practice to be the regular allopathic practice. Held that in proving that the defendant's practice was of a different and irregular kind, evidence of reputation was not admissible.

ACTION on the case for fraud in the sale of the business of the defendant as of a practicing physician, tried to the jury in the superior court, on the general issue, before *Granger, J.*

The declaration alleged that the defendant falsely represented to the plaintiff that his practice as a physician was worth between $6,000 and $7,000 per year; that it was the regular allopathic practice, and that he was, and had been doing a legitimate business; when, in fact, his practice had been and was of little or no value, and he did not practice according to the allopathic school, and never had so practiced, but practiced according to the eclectic method, so called, and was not doing and did not do a legitimate business. On the trial the plaintiff, for the purpose of proving that the defendant's practice was irregular and disreputable, offered evidence of the general reputation of his business at the time of the sale. To this evidence the defendant objected, but the court admitted it.

The jury having returned a verdict for the plaintiff the defendant moved for a new trial for error in the ruling of the judge.

*Brewster*, in support of the motion.

*Carter*, contra.

McCURDY, J. The material allegations in the declaration under which the question in this case arises, are that the defendant represented to the plaintiff that his practice was the

regular allopathic practice, and that he was and had been doing a legitimate business and practice, when in fact he did not practice according to the allopathic school and never had so practiced, but practiced according to the eclectic method, and that he was not doing and did not do a legitimate business and practice. These averments are direct and specific and require legal proof. Was testimony as to his reputation in these particulars evidence of that description?

Without professing to understand much of medical phraseology we suppose that the terms allopathic practice and legitimate business, in the connection in which they are used, mean the ordinary method commonly adopted by the great body of learned and eminent physicians, which is taught in their institutions, established by their highest authorities, and accepted by the larger and more respectable portion of the community. By eclectic practice, without imputing to it, as the counsel for the plaintiff seem inclined to, an odor of illegality, we presume is intended another and different system, unusual and eccentric, not countenanced by the classes before referred to, but characterized by them as spurious and denounced as dangerous. It is sufficient to say that the two modes of treating human maladies are essentially distinct, and based upon different views of the nature and causes of diseases, their appropriate remedies, and the modes of applying them.

Now whether a physician practices in the one of these modes or the other, is palpably a question of fact; as much so as whether a professor in a medical college lectures on surgery or physiology, or whether a member of the legal profession, where the distinction is kept up, practices as a counsellor at law or as a solicitor in chancery, or whether a clergyman administers the ordinance of baptism according to the Presbyterian or the Baptist form.

In all these cases the fact is one which is susceptible of positive proof and requires original evidence. It is a well known principle that, as a general rule, a specific fact which is of a nature to be proved by witnesses who can speak from

their own knowledge, is not to be substantiated by hearsay testimony or proof of reputation. 1 Greenl. Ev., sec. 99.

It is true that there are many exceptions to this rule growing out of a supposed necessity in certain classes of cases, as also where the fact to be proved is of a public nature and interest, or is connected with the exercise of a public right or the discharge of a public duty. 1 Greenl. Ev., sec. 138. These exceptions are well settled and defined, but we do not understand that any case like the present has ever been included among them, nor do we think that it should be.

A new trial is advised.

In this opinion the other judges concurred.