RAILWAY COMPANY *v*. MARTIN.

Opinion delivered March 4, 1893.

*Corporation—Declaring dividend—Estoppel.*

> The minutes of a meeting of the directors of a company showed that a resolution declaring a dividend was offered and seconded, but failed to show that it was ever voted upon or adopted. The evidence showed that the officers of the company acted upon the assumption that the resolution was adopted, and that all the stockholders save one were permitted to draw their *pro rata* of the dividend, in accordance with the resolution. The company never disclaimed the action of its officers in paying the dividend. In a suit by the unpaid stockholder to recover his share of the devidend, *held*, that the company is estopped to deny that the resolution was adopted.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

S. C. Martin sued the Southwestern Arkansas & Indian Territory Railway Company to recover his proportionate share in a dividend alleged to have been de-

clared by defendant's board of directors on March 12, 1890. The answer denied that the dividend had been legally declared.

Plaintiff introduced in evidence the minutes of the meeting of defendant's board of directors, which contained the report of the president and treasurer of defendant for 1889. This report contained a suggestion of the amount that should be declared a dividend, and the proportion thereof that should be allotted to each stockholder, and, among others, that plaintiff should receive $391.40. After the report, the following appears upon the minutes, to-wit : "Motion made by W. P. Ross, seconded by C. E. Neeley, that the report of S. C. Martin, president and treasurer be approved, and that the president and secretary be authorized to draw drafts on the treasurer, and issue paid up certificates of stock, to the several stockholders as appears therein." Defendant excepted to the introduction of the foregoing minutes of the directors' meeting, for the reason that the said record did not show that the motion made by W. P. Ross has been adopted by the meeting or in any way acted upon, and was therefore incompetent to establish a declaration of a dividend by defendant's board of directors.

The plaintiff further to maintain his action introduced C. E. Neeley, W. P. Ross and C. G. Brooks, whose testimony proved that the amounts apportioned as dividends to all the stockholders of defendant, excepting plaintiff, had been paid. Neeley testified that these payments were made in pursuance of the resolution of Ross in the meeting referred to. There was no other evidence.

The court sitting as a jury found for plaintiff. Defendant has appealed.

*J. H. Crawford* for appellant.

1.  The minutes of the meeting, which are at least *prima facie* evidence of the facts therein stated, fail to show that any action was had upon the motion.   41 N. W. Rep. 905; 74 Mich. 226 ; 19 S. W. Rep. 859; 36 N. W. Rep. 100; 38 Minn. 138.

2.  There must be a dividend declared and made payable absolutely.   Cook on Stockholders, sec. 545; 13 Allen, 400, 404.

3.  It is not shown that all the directors had notice of the meeting.   55. Ark. 473.

4.  The fact that the other stockholders were paid their dividends proves nothing except that money was paid them without authority.

*Sanders & Watkins* for appellee.

1.  The minutes, which are *prima facie* evidence of what took place, show that the motion was duly made and seconded, and this, with the fact that all the other stockholders were paid their dividends under this motion, shows conclusively that the motion was carried and the dividend declared.   The presumption is that the acts of an officer are rightly and duly performed, until the contrary is shown.   30 Ark. 69 ; *ib.* 609 ; 1 Beach on Priv. Corp. sec. 296.

2.  The minutes show that all the directors were present.

COCKRILL, C. J.   The appellant insists, first, that the meeting of the board of directors at which the dividend sued for is alleged to have been declared is not shown to have been a valid assemblage of the board; and, second, that there is no evidence that a dividend was declared by the board at that or any other meeting.

1.  The complaint alleges that the dividend was declared by the board at the annual meeting of the company's directors ; the answer does not deny that the

meeting was a stated or regular meeting ; it presents no issue therefore upon that fact, and it was unnecessary for the plaintiff to adduce any proof on the subject.

2.   The secretary's minutes of the meeting of the board show that the president presented his annual report showing a profit in operating the road and the amount each stockholder would be entitled to as a dividend out of the net earnings.   The minutes show also that a resolution was offered and seconded that the report be approved and the distribution of the profits be made among the stockholders according to the figures furnished by the report ; but they failed to show that the resolution was ever voted upon or adopted ; nor was there any direct evidence upon the subject.

It was proved, however, that the officers of the company had drawn their drafts upon the specific fund reported by the president in favor of each stockholder except the plaintiff; and that each stockholder, including the directors, had thus received the amount apportioned to him as a dividend by the president's report. We thus have it that every director and officer of the corporation has acted upon the assumption that the resolution was adopted, and that every stockholder except the plaintiff has been permitted to draw his dividend in accordance with its provision.   There is no disclaimer on the part of the company of the action of its officers in paying the previous dividends, nor any reason assigned for its refusal to pay the plaintiff except that he has failed to show that the resolution was regularly adopted. In this suit by the only unpaid stockholder to recover his share of the profits as shown by the report, the company cannot be heard to say that the resolution was not adopted.   To permit it to do so would be to sanction discrimination between its stockholders and so to promote fraud.

Affirm.