### FREEMAN v. ROGERS WHITE LIME COMPANY.

### Opinion delivered April 7, 1919.

1.  CORPORATIONS—DIVISION OF SURPLUS—EVIDENCE.—Evidence that a corporation's stockholders all consented to a division of its surplus among its stockholders, that all existing creditors were paid, and that the corporation thereafter continued business for five years, does not sustain a finding that the withdrawal of such surplus defrauded its creditors and future stockholders.

2.  CORPORATIONS—DIVISION OF SURPLUS—STOCKHOLDERS.—Corporation *held* estopped after five years from questioning the division of its surplus among stockholders where all the then existing stockholders had acquiesced.

3.  CORPORATIONS—DIVISION OF SURPLUS.—A private corporation's surplus may be divided among its stockholders without a formal declaration of a dividend where no creditors are injured.

Appeal from Benton Chancery Court; *Ben F. McMahan*, Chancellor; reversed.

*Duty & Duty*, for appellants.

1. Exception No. 7 to the master's report filed by plaintiffs in cross-complaint should have been overruled and the master's report referred to in said exception No. 7 should have been sustained. Where the findings of a master are sustained by the evidence, it is error to set the same aside, and where he does so improperly this court will reverse because chancery cases come here on appeal *de novo*, and this court renders such decree as the court should have rendered. 98 Ark. 364; Acts 1915, p. 1088, § 16.

2. Where the master was present and saw the demeanor of the witnesses on conflicting evidence the court

should be loath to reverse the findings of the master if there is a fair amount of evidence to support them. 144 U. S. 104; 10 R. C. L. 521, § 307; 19 Ann. Cas. 910, and note 911.

3. The doctrine that a corporation is an entity separate from its stockholders is a mere legal fiction introduced for convenience and to subserve justice; but when invoked in support of an end subversive of its policy, should be disregarded in equity. 7 R. C. L., § § 4 and 168; 65 Md. 428; 19 S. W. 67.

4. It is well settled that a purchaser of shares of stock in a corporation can not complain of the prior acts and management of the corporation. 12 Am. St. Rep. 337; 108 *Id.* 716.

5. As disclosed by the evidence the division of profits was made in 1912, the records are lost or mislaid and the corporation is estopped or barred by long affirmance, acquiescence, nonprotest, limitation or laches, and no creditor is seeking relief. 7 R. C. L., § § 474-484; 66 Am. Dec. 173.

6. Stockholders may agree among themselves informally to distribute a sum as dividends without going through the form of corporate action. No formal declaration of a dividend is necessary. 139 Am. St. Rep. 587; 80 N. Y. Supp. 438; 2 Cook on Corp. (6 ed.), § 534. The master's findings should be sustained.

HUMPHREYS, J. On June 22, 1917, F. F. Freeman and Byron Leach, minority stockholders in the Rogers White Lime Company, instituted suit against that corporation, W. E. Talley, its president, and J. D. Cowan, its secretary, in the Benton Chancery Court, in substance charging that said Talley and Cowan had usurped the powers of the board of directors of said corporation, refused to call meetings of the stockholders or account to them, and had wrongfully diverted and appropriated its earnings and property to their own use and the use of a lime plant in Oklahoma, in which they were interested.

The prayer of the bill was for an accounting and the appointment of a receiver.

Appellees, Talley and Cowan, answered, denying the allegations of usurpation, wrongful diversion and appropriation of the earnings and property of the corporation and the Rogers White Lime Company filed a cross-bill against appellants, F. F. Freeman and J. E. Felker, charging, among other things, that on or about November 1, 1912, while appellants were president and secretary of the Rogers White Lime Company, they borrowed $15,000 in cash from W. A. Mundell, on the company's notes, which sum they unlawfully and corruptly appropriated to their own use.

Appellants denied this, as well as all other allegations in the cross-bill.

By consent, E. P. Watson was appointed special master to take evidence, state an account between the parties and give his conclusions of the law in all matters at issue, or which might be put in issue.

The master proceeded to take evidence, on which he predicated and filed a report responsive to the issues joined. Upon the issue joined in the cross-bill and answer thereto, charging a misappropriation by appellants of $15,000, which they borrowed from W. A. Mundell while president and secretary of the corporation, the master made the following finding:

"I find that said F. F. Freeman and J. E. Felker were on and after January 2, 1912, up to and including August 28, 1915, the legal owners of all the capital stock of the Rogers White Lime Company, except the forty shares given to Ed Allen by said F. F. Freeman.

"I find that as such owners of said shares of stock, they were entitled to all the surplus earnings of said company, either by way of dividends or by way of distribution of the surplus earnings of said company, except what was due said Allen.

"I find that some time in the year 1912, between October 1 and November 30, 1912, while they were the owners of all of the capital stock of said corporation, except

the shares of said Ed Allen, that said Freeman drew out of the treasury of said corporation, $9,500 and that Felker drew out the sum of $1,700, that said Allen knew of such fact and acquiesced to such withdrawals.

"I find that at said time the fact they drew out said sums of money the same did not affect the rights of security of any creditor of said corporation, nor affect the right of any stockholder, nor did it deplete the assets of the corporation in such manner as to affect its solvency at that time or in the immediate future, so far as shown by the testimony.

"I declare as a matter of law, that the withdrawal by them of said surplus, was the same in equity as if they had declared a dividend to themselves out of said surplus; that the same belonged to them as such stockholders, if no creditor of said company, then in existence, was not affected by the withdrawal of such surplus; that the said corporation, by its stockholders, directors and officers, had full knowledge of the action of said Freeman as president and treasurer, and Felker as director and secretary of said company, and for over three years acquiesced in such action on their part, and said corporation who is the only party complaining of such transactions and by ratification of the acts of its officers, stockholders and directors, from bringing this suit in this particular.

"I find that said cross-complaint should be dismissed for want of equity, in the same."

In apt time, appellees filed exceptions to this and other findings of the master. Likewise, appellants filed exceptions to the findings of the master adverse to them. The cause was submitted to the court upon the pleadings, testimony of several witnesses, record and documentary evidence and the several exceptions of appellants and appellees to the report of the master. The court sustained appellees' exceptions to the master's finding exempting appellants from liability on account of the amounts withdrawn by them from the treasury of the corporation, between October 1 and November 30, 1912, and, in lieu of the master's finding on this particular issue, made the following findings and decree:

"As a matter of law, the withdrawal of the plaintiff, F. F. Freeman, of the sum of $9,500 and the plaintiff, J. E. Felker, of the sum of $1,700 from the assets of the defendant, Rogers White Lime Company, was wrongful and without authority of law, and in fraud of the rights of the creditors of said corporation and in fraud of the rights of any future stockholders, and that the withdrawal of said sums by plaintiff did deplete the assets of said corporation in such a manner as to affect its solvency, and that said plaintiffs, Freeman and Felker, are liable to said corporation for such sums so withdrawn, and that said Rogers White Lime Company should have judgment against said plaintiffs for said sums; that the defendant, Rogers White Lime Company, have judgment on its cross-complaint against the cross-defendant, F. F. Freeman, for the sum of $9,500, and against the defendant, J. E. Felker, for the sum of $1,700."

From the findings and decree of the court, set out above, an appeal has been prosecuted to this court. The findings of the master on other issues, the exceptions thereto and the findings and decree of the court thereon, have been omitted from the statement of the case because no appeal has been prosecuted therefrom.

Appellant insists that the master's finding on the particular issue involved on this appeal was sustained by the weight of the evidence, and that the court erred in sustaining appellees' exception thereto. This brings us to a consideration of the evidence. Only two witnesses, J. D. Cowan, on behalf of appellees, and F. F. Freeman, on behalf of appellants, testified relative to the withdrawal of funds from the treasury of the corporation by F. F. Freeman and J. E. Felker. Upon examination of the abstract of the evidence of each we find no material conflict between them. It appeared from their testimony that the Rogers White Lime Company was organized in 1902, with its principal place of business at Rogers, Arkansas; that it carried on a prosperous business between the years 1902 and 1915, and, from a small beginning, grew in property value to $67,255.25 on the first day of

January, 1912, with no liabilities except a stock liability of $50,000, a surplus liability of $16,260.90 and a debt liability of $944.32 to F. F. Freeman. The financial condition of the company on January 1, 1912, as stated above, was established by a balance sheet struck on that date and signed by F. F. Freeman, as president of the company, which was produced by the witness, J. D. Cowan. The policy of the company under the Freeman administration had been to transfer the profits each year into the surplus account instead of declaring dividends. F. F. Freeman testified that in the early part of 1912 the surplus or profit account amounted to between twenty-six and twenty-seven thousand dollars; that, during the year, he and Felker had acquired all the stock in the company, after which F. F. Freeman gave Ed Allen, foreman of the plant, $1,000 of his stock; that he then credited his personal account with $18,000 and Felker's personal account with $6,000 on account of accrued or undivided profits or surplus, on the basis of the stock owned by each, but, at the time, did not draw out any money in payment of the amounts thus credited to their respective accounts; that the corporation carried an account in the Bank of Rogers, where it deposited its daily receipts from the sale of lime; that, on October 31, 1912, the company borrowed $15,000 from W. A. Mundell upon note, and deposited it in the bank with its other funds; that, on said date F. F. Freeman received the company's check drawn on said bank account for $9,950.31, and J. E. Felker a check for $1,700 in part payment of the surplus or profits credited to their respective accounts prior to that time; that Ed Allen, the only other stockholder, knew of, and consented to, the apportionment of profits or surplus aforesaid and to the withdrawal of said amounts by Freeman and Felker in part payment of said apportionment; that the company subsequently paid the Mundell loan.

It further appears from the evidence abstracted that the company thereafter continued business at a profit under the management and control of Freeman, Felker

and Allen, who were the sole stockholders, directors and officers of the corporation for a period of about three years until the control and management of the corporation passed to Talley and Cowan, who became, by purchase, the majority stockholders in the corporation, and subsequently its directors and officers. It also appears that the company continued business under the new management for several years thereafter and until the appointment of a receiver, upon the final adjudication of this suit in the Benton Chancery Court.

On this state of case made, the master found that Freeman and Felker were not accountable to the appellee, Rogers White Lime Company, for the surplus or profits drawn out by them while sole stockholders of said corporation. In sustaining appellees' exception to the master's finding, the court found that the withdrawal of $9,950.31 by F. F. Freeman and $1,700 by J. E. Felker depleted the assets of the corporation so as to affect its solvency and to defraud its creditors and future stockholders. The abstract of the evidence fails to support the finding of the court. All existing creditors were thereafter paid, and, by fair inference, subsequent creditors were paid, for the company continued business for five years or more before any question was raised as to the withdrawal of said funds. There is a want of evidence to show that the subsequent stockholders were deceived or misled at the time they became the majority holders of stock by purchase in said corporation. It seems to us that the finding of the master is supported by the weight of the evidence and is in accord with the law. In the case of *Railway Co.* v. *Martin*, 57 Ark. 355, where the minutes of the corporation failed to show the adoption of a resolution declaring a dividend but that the officers of the company, acting upon the assumption that such a resolution had been adopted, paid a dividend to all the stockholders except one, a suit would lie at the instance of the one omitted for his portion of the dividend, upon the theory that the company would be estopped to deny that such a resolution had been adopted.

It seems to us that the doctrine of estoppel is also applicable to the facts in this case for the company, under both managements, acquiesced in the apportionment of dividends and surplus by the sole stockholders of the company at the time of said apportionment, for a period of more than five years thereafter. We know of no law in the State of Arkansas in derogation of such right on the part of the stockholders in a private corporation. In support of this doctrine, see also 7 R. C. L., p. 492, § § 477 and 484; *Lexington, etc., Insurance Co.* v. *Page*, 66 Am. Dec. 165. Where creditors are not affected or injured through such a disposition of dividends or surplus by the sole stockholders in a private corporation, we do not see the necessity of a formal declaration of dividends. Vol. 2, Cook on Corporations (7 Ed.), § 534; *Breslin* v. *Fries-Breslin Co.,* 70 N. J. L. 274; *Groh's Sons* v. *Groh,* 80 N. Y. Supp. 438; *Barnes* v. *Spencer & Barnes Co.* (Mich.), 139 Am. St. Rep. 587.

For the error indicated, the finding and decree of the chancellor is reversed and the cause is remanded with instructions to overrule the exception to the master's report and to render decree in accordance with the master's finding.