Martin G. Hannigan, Plaintiff Below, Plaintiff in Error, v. Italo Petroleum Corporation Of America, a corporation of the State of Delaware, Defendant Below, Defendant in Error.

594

(*December* 7, 1949.)

HARRINGTON, Chancellor, TERRY, CAREY and LAYTON, J. J., sitting.

*Stewart Lynch* (of the firm of Lynch and Herrmann) and *Aaron Finger* (of the firm of Richards, Layton and Finger), Attorneys for Plaintiff-in-Error.

*James R. Morford* and *William Marvel* (of the firm of Marvel and Morford), Attorneys for Defendant.

Supreme Court, No. 1, May Session, 1948 Term.

LAYTON, J., delivering the opinion of the Court:

Although this Court reversed and remanded the cause to the Court below for a new trial upon the issue whether or not the Board of Directors of Italo ratified the giving of the notes at bar either expressly or impliedly, that Court upon retrial decided the case upon the question of express ratification only. In that connection that trial Judge found as a fact that the purported ratification of the notes by the Board of Directors at a meeting on March 31, 1930, was not based upon a sufficient investigation

of the circumstances leading up to the giving of the notes and, therefore, was done without a complete knowledge of the facts. Although reasonable minds may differ as to the view of the evidence taken by the learned trial Judge in this respect, we are not prepared to set his findings aside so long as there was some evidence, as indeed there was, to support his conclusion that "under the existing evidence it cannot be said that the Directors by whom it was contended the issuance of the notes was ratified, were fully familiar with all the facts and circumstances connected with the issuance of said notes."

Yet another reason was advanced against the validity of the purported ratification of these notes at this Board meeting. The learned trial Judge noted that a majority of Italo's Directors at the meeting of March 31, 1930 were also members of the Syndicate. Relying on certain language of this Court in its opinion disposing of the first appeal, 1 Terry 534, 14 A. 2d 401, he stated "* * * six out of ten members of the Board of Directors present at the meeting at which it is contended the notes with which we are dealing were ratified, being also members of the Syndicate to whose Manager said notes were payable, it was clearly a case of officers dealing with themselves." Accordingly, he concluded that, because the votes of a majority of the Directors could not be counted no express ratification of the execution of the notes resulted.

Admittedly this Court in 1 Terry 534, 14 A. 2d 401, 408, had this to say with respect to circumstances giving rise to the execution of the notes in question: "Public policy demands of directors an undivided loyalty to the corporation to the end that there shall be no conflict between duty and self - interest. *Guth* v. *Loft, Inc.* [23 *Del. Ch.* 255], 5 *A.* 2d 503. The votes of interested directors cannot be counted to make up a majority of the board. 3 *Fletcher Corp.*, § 936 *et seq.; Keenan v. Eshleman*

[23 *Del. Ch.* 234], 2 *A.* 2d 904, 120 *A. L. R.* 227". But the quoted statement was not made in connection with the issue of ratification. On the contrary, it was directed at one of Defendant's pleas alleging circumstances which, if proved, would have indicated fraud on the part of Directors of Italo who were at the same time members of the Syndicate. The language of this Court was general in nature and, no doubt, written in view of the fact that one of the issues to be determined on retrial was whether or not the Syndicate had improperly manipulated the affairs of Italo in causing it to issue the notes in question without consideration. In any event, as just stated, this portion of our opinion had nothing whatsoever to do with the doctrine of express ratification and, because the trial Judge disposed of this issue by his findings of fact, we decline to comment upon the correctness of the additional reason assigned as to why no express ratification could have resulted as a matter of law.

We turn now to the question of implied ratification. Despite the fact that this case was remanded for a new trial upon the question not only of express, but also of implied, ratification, the trial Judge seems completely to have overlooked this latter issue.

Whether Italo, by retaining and using the dividend monies due the Syndicate impliedly ratified the unauthorized issuance of the notes in question depends upon whether the dividends were validly declared in the first instance. Whether or not the dividends were validly declared is a question of fact never before passed upon in this proceeding. It is important to observe that the declaration of the three dividends under consideration in our judgment is not subject to suspicion merely because, when declared, a majority of Italo's Board was composed of Syndicate members who were substantial stockholders of Italo. In the absence of fraud or other unfair dealings a Director should not be disqualified from voting upon the question of a dividend declaration mere-

ly because he is also a stockholder. If the dividends were declared in compliance with the provisions of Sec. 34 of the General Corporation Law, Rev. Code 1935, § 2066, then, in our view, the notes were issued upon a valid consideration and Italo, by retaining the monies represented by the notes, impliedly ratified their issuance. If not, then there was a failure of consideration and this action must fail. An appellate court cannot try facts. The case must be reversed and remanded for new trial.

■ Next Italo has made a purported plea of set-off or recoupment whereby it is charged that the Syndicate owed and still owes $100,000 as a result of the original financing which, if true, would preclude recovery. Italo contends that the original financing contemplated that the Syndicate would advance $3,500,000 representing the agreed on price for some 22 independent oil companies to be purchased for Italo, in return for 6,000,000 shares of Italo stock and, in fact, the Syndicate advanced but $3,400,000 to consummate the deal. Therefore it is contended that, either by way of set-off or recoupment, it is not clear which from the pleadings, the Syndicate is precluded from recovery on these notes. But the closest examination of the pleadings fails to reveal a plea sounding either in set-off or recoupment which conformed to the requirements of the rules of the Superior Court then existing. In this connection Rule 32 of the Old Rules of the Superior Court stated: "Rule 32. A plea of set-off shall, if required, be drawn out; and shall state the matters of set-off with reasonable certainty. In counter claims by way of recoupment, notice thereof shall be filed with the plea, and set forth with like reasonable certainty." Compare this with Defendant's purported plea and we see no allegation which, even remotely, touches on the transaction alleged by way of set-off. In fact, the plea deals entirely with that portion of the case involving the compromise of the dispute concerning the excess of liens upon the purchased properties over and above $2,-750,000. The Syndicate conceded that the excess of liens over and

above that stipulated amounted to $42,367.37 and this sum was accordingly deducted from the 87 odd thousand dollars of dividends then apparently due and owing the Syndicate. If the dividends in question were invalidly declared, then of course, the compromise by which the Syndicate purportedly gave up $42,367.37 was meaningless but, in view of the fact that, in such event, the notes here sued on would fail for lack of consideration we see no particular reason for further consideration of this point. The plea being defective, the defense cannot be considered.

We will now briefly consider the remaining defenses raised by Italo to this action.

First, it is argued that there is a want of consideration for the $9,476.13 note because Fred Shingle, Syndicate Manager, was not a stockholder of record on the dates of the first and second dividend declarations. The defense that, when the first two dividends were declared the stock was in the name of Myers, Trustee, and not Fred Shingle, Syndicate Manager, is completely lacking in persuasion. The agreements contemplated an issuance of the stock to Myers, Trustee, and thence to Shingle, Brown & Co., Escrow Agent, which was to transfer the stock ratably to the Syndicate as the latter from time to time made payment of what it claims to have been its full obligation of $3,-400,000. To say that the Syndicate, which had made available vast sums to Italo, was foreclosed from receiving dividends on stock to which it was clearly entitled under the financing agreements simply because, for technical reasons not appearing, the shares had not been formally transferred to the name of the Syndicate, is an argument calling for a complete sacrifice of substance for form. *Salt Dome Oil Corp. v. Schenck*, 28 *Del. Ch.* 433, 158 *A. L. R.* 975, does not sustain Defendant's argument. That case originated under the merger statute, Section 59, Rev. Code 1935, § 2091. It held that as between the record and beneficial holder,

the former was entitled to certain recognized rights, among others, to receive dividends from the Corporation. But we do not take that decision as deciding that where a Corporation, being unaware of the existence of a beneficial owner of shares, pays dividends to the record owner, the beneficial owner could not thereafter recover them from the record owner. This ground of defense is untenable and is accordingly dismissed.

Next it is said that Plaintiff is disqualified to maintain this action because he had only a naked legal title to the notes without any beneficial interest therein. But it seems clearly that this contention was fully considered and found untenable by this Court in an earlier decision, 14 A. 2d 401, 404—405. This ground of defense is not acceptable.

Finally, it is contended that no recovery can be had because the assignment by Fred Shingle, Syndicate Manager, to Hannigan, is champertous. This ground of defense was also considered and passed on by this Court in an earlier opinion appearing in 14 A. 2d 401, 408. What we said was this: "It was necessary for the defendant to prove that Hannigan was either a party to the champertous agreement of Byers, or that he was the agent of Byers and acting for him. The proof utterly failed. The court's ruling in this respect was correct." No additional evidence has been offered which changes the result above stated. This defense is without merit.

Let the judgment of the lower Court be reversed and the cause remanded for new trial upon the sole ground of the validity of the declaration of the first, second and third dividends which formed the basis for the notes at bar. If the dividends were validly declared then there should be judgment for Hannigan—if not, then judgment for Italo.

## Supplemental Opinion

LAYTON, Judge.

After the above opinion was released appellants petitioned for a re-argument which was granted. By order of this Court the scope of the re-argument was limited to the question whether Defendant, Italo, was not estopped from asserting the defense of lack of consideration to the notes here sued on. The question was fully briefed and argued. Appellants contend that, since all the other stockholders had received the dividend and no stockholder's or creditor's rights were concerned, the Defendant corporation cannot be heard to defend upon the ground that the dividends were illegally declared in violation of Section 34 of the General Corporation Law of this State and consequently that the notes were void for failure of consideration. The Defendant argues that this action concerns the right to recover upon notes and is not governed by the law applicable to suits for the recovery of dividends; that if the consideration for which the notes were issued is lacking, regardless of the reason, the notes are void. Further, it contends that, in this case, there can be no estoppel in any event for the reason that the Plaintiff here is in privity with the very persons responsible for the declaration of the alleged illegal dividend, namely, the majority directors of Italo at the time when the questioned dividends were declared.

It will be remembered that in the main opinion reported herewith the lower Court was reversed and the case was remanded for retrial upon the sole issue whether or not the declaration of these dividends which formed the basis for the notes here sued upon was in compliance with Section 34 of the Corporation Law.[1] If so, then the Plaintiff should recover; if not, he was barred.

---

1. Section 34 of the Corporation Law, insofar as pertinent, is as follows: "Sec. 34. Dividends; Reserves:-The directors of every corporation created under this Chapter, subject to any restrictions contained in its Certificate

Briefly the question presented on reargument is this—May a majority group of corporate directors representing a large Syndicate of stockholders of said corporation, who allegedly caused an illegal dividend to be declared in which all stockholders except the Syndicate (including the Directors) shared, and who agreed on behalf of themselves and the Syndicate to accept notes in lieu of such dividends, thereafter recover on such notes for themselves and the other Syndicate members in the face of the defense that the notes were void for failure of consideration?

Superficially it would seem inequitable for the corporation to be allowed to defend here on the ground that the notes were lacking in consideration because the dividends were illegally declared. Even assuming the illegality of the dividend declaration, the funds representing the Syndicate's share of the dividends were retained by the corporation and used for corporate purposes. Why, it may be asked, should the corporation and those of its stockholders who have received their share of the dividends long since, be permitted to assert this defense against those stockholders who have never received their dividends and where the right of no creditor seems to be concerned?

On the other hand, this is an action at law, not equity. It is sought to recover upon certain notes. The defense of failure of

of Incorporation, shall have power to declare and pay dividends upon the shares of its capital stock either (a) out of its net assets in excess of its capital as computed in accordance with the provisions of Sections 14, 26, 27 and 28 of this Chapter, or (b), in case there shall be no such excess, out of its net profits for the fiscal year then current and/or the preceding fiscal year; provided, however, that if the capital of the corporation computed as aforesaid shall have been diminished by depreciation in the value of its property, or by losses, or otherwise, to an amount less than the aggregate amount of the capital represented by the issued and outstanding stock of all classes having a preference upon the distribution of assets, the directors of such corporation shall not declare and pay out of such net profits any dividends upon any shares of any classes of its capital stock until the deficiency in the amount of capital represented by the issued and outstanding stock of all classes having a preference upon the distribution of assets shall have been repaired. * * *"

consideration has been raised. This, if proved, would constitute a valid defense, and to deny the right to interpose the defense would preclude inquiry into the question whether the dividends were illegally declared. Such are the considerations before us in resolving this difficult problem.

■ We have examined a number of cases cited by Appellants for the proposition that the corporation should be estopped from interposing the defense of lack of consideration in the giving of these notes. Concededly they support the argument that a corporation may not set up as a defense the invalidity of a dividend declaration in a suit by a stockholder for his share of the dividends where all the other stockholders have been paid. *Thiry* v. *Banner Window Glass Co.*, 81 *W. Va.* 39, 93 *S. E.* 958, *L. R. A.* 1918B, 1048; *Ball* v. *Pepper Cotton Press Co.*, 141 *Mo. App.* 26, 121 *S. W.* 798; *Stoddard* v. *Shetucket Foundry Co.*, 34 *Conn.* 452; *Southwestern A. & I. T. Ry. Co. v. Martin,* 57 *Ark.* 355, 21 *S. W.* 465. The reasoning to be gathered from these decisions is that to allow discrimination in the payment of dividends would serve to promote fraud. We concur in this general proposition but it is to be observed that the cited cases differ factually from this in that the dividends were apparently not declared in violation of positive statute and the plaintiffs seeking to recover the dividends were not parties to the alleged invalid dividend declaration.

■ Section 35 of the General Corporation Law of this State, Rev. Code 1935, § 2067, in effect makes it unlawful for corporate directors to declare dividends in violation of Section 34, and under certain expressed conditions imposes financial liability on those directors who wilfully or negligently participate in an illegal dividend declaration. Even assuming that the conditions under which financial liability might be imposed against directors under the statute are not here present, yet Section 35 declares the policy against the creation of dividends except as pro-

vided by Section 34, and to preclude Italo from asserting its legal defense of failure of consideration would be tantamount to permitting these directors to flout the provisions of Section 34 with impunity.[2]

Significantly, none of the decisions examined reveals that the dividends were declared in the face of positive statute making unlawful dividends declared out of capital. Moreover, none of the cases relied on by Appellants deals with the situation where the Plaintiff stockholder suing for his share of the dividends was himself a party to the illegal dividend declaration.

It is our considered judgment that stockholder-directors who have deliberately or negligently participated in an invalid dividend declaration should not be permitted to recover them under the guise of notes given in consideration for such dividends, even though the dividends thereafter loaned to the corporation were used for proper corporate purposes and all other stockholders have been paid. For, in the final analysis, if these dividends were improperly declared what have the Plaintiffs been deprived of— nothing, because nothing was legally owed them, and the argument that the corporation should be estopped from asserting the defense of failure of consideration because all other stockholders have been paid their share of the dividends should not be allowed to prevail in the face of the fact that the Directors with whom this Plaintiff was in direct privity are alleged to have created the questioned dividends in direct violation of the provisions of Section 34 of the General Corporation Law of this State.

The remaining members of the Syndicate, whether or not they actually knew the circumstances surrounding this questioned transaction, are nevertheless chargeable wtih full knowl-

---

1.   Assuming, of course, that the dividends in this case were invalidly declared which was made the subject of inquiry on remand for new trial in the main opinion.

edge thereof because of their inter-relationship with each other. This is so because a Syndicate is no more than a joint adventure or loose form of partnership designed for the accomplishment of a single business transaction and each joint adventurer is, in effect, both a principal for himself and agent for each of his associates. *Vol. 48, C. J. S., Joint Adventures, § 5, p. 827.*

If, upon retrial, it is determined that these dividends which formed the consideration for the notes in suit were validly declared, then, as we stated in the main opinion, the Plaintiff should recover, but not otherwise.

In conclusion, we wish to emphasize the fact that we have decided nothing more than the legal issues presented by the facts of this case. We were not called upon to consider the various ramifications of the civil liability of corporate directors for participating in a dividend declaration in violation of Section 35 of the General Corporation Law nor the rights of an innocent stockholder to recover his dividend, when all other stockholders have been paid theirs, in the face of the defense that the dividend was illegally declared. All we have decided is that, under these facts the corporation is not estopped from asserting the defense of lack of consideration in the notes sued on.