HENRY STODDARD *vs*. THE SHETUCKET FOUNDRY COMPANY.

Where a corporation is sued by a stockholder for a dividend declared by the directors, and all the other stockholders have received their dividends and retain them, the company cannot be allowed to set up in defense of the suit that the dividend has not been earned and that its payment would withdraw a part of the capital of the company.

Where a corporation purchased the property and succeeded to the business of a private copartnership, and owed the copartnership a debt for the property so purchased, it was held that the directors might lawfully receive from a stockholder, in payment of his subscription to the stock, a note held by him against the copartnership, which would be available in the hands of the directors for the payment of the debt due to the copartnership.

ASSUMPSIT, to recover a dividend declared by the defendants, a corporation, of which the plaintiff was a stockholder; brought to the superior court in New London county, and tried on the general issue with notice before *Park J.* The jury returned a verdict for the plaintiff, and the defendants moved for a new trial on the ground that the verdict was

against the evidence. The points of law incidentally involved in the case will be sufficiently understood from the opinion, without any statement of the facts.

*Halsey* and *Bolles*, with whom was *Wait*, in support of the motion.

*Hovey* and *Pratt*, contra.

HINMAN, C. J. The plaintiff, a stockholder in the defendant corporation, brings this suit to recover his share of a dividend duly declared by the directors of the corporation, and made payable on the 25th of July, 1865. The defendants deny their liability on the ground that the directors had no right to declare the dividend in question, and on the further ground that the plaintiff obtained his stock in part by the transfer to the company of a note of about one thousand dollars which was worth only fifty per cent. of its nominal value, and that the directors had no right to receive this note in payment for the stock. The plaintiff obtained a verdict and the defendants now move for a new trial on the ground that the verdict is against the evidence in the case.

There was some evidence tending to show that the dividend had not been earned by the company at the time it was declared, or at least that it was not certain that it had been, as one of the directors testified that he thought the company had made nearly twenty-five per cent. at the time it was declared; and as it does not appear that any statement of the affairs of the company was made at the time, and as, moreover, the dividend was made on the day when the balance of the unpaid subscriptions to the capital stock was called for, and was in fact applied in part payment of these subscriptions in favor of all the stockholders except the plaintiff, it would not perhaps be an unreasonable inference that the dividend was declared for the purpose of assisting the stockholders to pay up their subscriptions to the stock, without much reference to the fact whether it had been earned or not. But however this may be, the dividend was duly declared in point of form, and all the other stockholders have had the benefit

of it in its application to the part payment of their subscriptions to the capital stock, and we do not think that, as between the company and Mr. Stoddard, it is for the company now to say that he shall be deprived of the benefit of a dividend which every other stockholder has received. We do not therefore, as between these parties, consider the question of whether the company was in a proper condition to declare so large a dividend as twenty-five per cent. upon its capital as of any importance. When the other stockholders are willing to repay to the company the funds they assume they have withdrawn from it, they will stand in a better condition to call upon the court, by some proper application for that purpose, to restrain the plaintiff from withdrawing a part of the capital in the shape of a dividend. Upon the case as presented upon this point, assuming that the plaintiff has paid for his stock in full, the equities are all in his favor, since when he has received his twenty-five per cent. dividend he will then be in precisely the same condition as the other stockholders.

There was a claim however that there was an understanding or agreement by the plaintiff that this dividend was to be applied in part payment of his stock, and that the note which he transferred to the company, together with the cash payments he had made, was not received in full satisfaction for his subscription. It is enough to say that there was conflicting evidence upon this point, and we think the jury were warranted in coming to a conclusion favorable to the plaintiff upon it. The plaintiff himself testifies that he did not know that the dividend had been declared for a long time after he had passed over the note to the company in full satisfaction, as he supposed, of the balance due upon his subscription to the capital stock; and that he gave up the note on the 3d of July, which was some three weeks previous to the time when the dividend was declared, when he took a receipt in full for the amount due on his stock, which receipt he subsequently gave up to the company when he took his stock certificate. And the fact that he took a receipt in full is not met by any evidence to the contrary on the part of the defendants; and if the jury believed this testimony of the

plaintiff they were clearly justified in finding that he paid the full par value of his stock without any deduction on account of the dividend in question. Nor can we say that the jury manifestly came to a wrong conclusion in respect to the defendants' claim that the plaintiff agreed to give up his right to the earnings of the company on the stock, if they would take the note in question.

Another claim of the defendants is that the plaintiff had no right to pay for any part of his stock in the note in question, nor had the company any right to accept of anything but cash for such payment.

That the defendants could have insisted upon the plaintiff's payment for his stock in cash is unquestionable, but we think also they had a right to accept of this note in part payment. The company after its organization became the successors to the business of a private copartnership known as the Phoenix Foundry Company, by purchasing the property of that copartnership, and entering upon the same business which that copartnership had been transacting. The company was indebted to that copartnership on account of this purchase, and this note, which was against that copartnership, was as valuable to the corporation as an equal amount of cash in paying for the property so purchased. We can perceive no illegality in the acceptance of such a note in part payment for its stock. Its immediate application in satisfaction of a corporate debt incurred in the purchase of the materials necessary to the transaction of its business rendered the acceptance of the note quite reasonable and proper, as it was equivalent to money in the hands of the defendants.

We are aware that there was some dispute between the partners in the Phoenix Foundry Company as to whether this note was in fact a valid note against that copartnership, but from the testimony of the plaintiff and Mr. Hill, one of the members of that copartnership, we see no reason to doubt the validity of the note as having been given for money borrowed and used by that concern.

We think therefore that a new trial should not be granted.

In this opinion the other judges concurred.