# CHARLESTON.

## THIRY V. BANNER WINDOW GLASS COMPANY.

Submitted October 2, 1917.    Decided October 9, 1917.

1. CORPORATIONS—*Declaration of Dividends—Acts of Stockholders—Statute.*

    While by section 39, chapter 53, of the Code, the board of directors of a corporation is the only governing authority authorized to declare dividends, nevertheless, where stockholders and directors by common consent concur in the management and control of the corporation, such action of the stockholders in declaring dividends, the rights of creditors being in no way involved, is not an invalid corporate act, and the corporation is bound thereby. (p. 43.)

2. SAME—*Dividends—Right of Stockholders—Estoppel.*

Though a dividend so declared be at the time in excess of the actual net profits earned, the rights of no creditor being involved, and the corporation being solvent, a stockholder can not be denied his pro rata share of such dividend, and in an action by him against the corporation therefor the supposed illegality of such corporate action is no defense, nor is such stockholder estopped in such action by the fact that he has been paid and accepted sums in the aggregate less than his pro rata share. (p. 43).

3. SAME—*Right of Stockholders—Dividends.*

Where a stockholder has subscribed and paid for stock in a corporation, he cannot thereafter be deprived of his legal right to participate pro rata in any dividend declared by the subsequent arbitrary action of directors or stockholders attempting to classify stockholders, not provided for in his contract. (p. 44).

4. APPEAL AND ERROR—*Review—Questions of Fact.*

Where the pleadings are sufficient and issue properly joined thereon and the issues depend upon the evidence it is error for an appellate court to usurp the province of a jury by undertaking to determine the issue and to pronounce judgment non obstante veredicto or otherwise. (p. 46).

Error to Circuit Court, Kanawha County.

Action by Hector Thiry against the Banner Window Glass Company. From a judgment of the circuit court, on plaintiff's appeal from a judgment of the intermediate court of the county, reversing such judgment and rendering judgment for plaintiff, defendant brings error.

*Reversed and remanded.*

*T. S. Clark,* for plaintiff in error.

*A. M. Belcher,* for defendant in error.

MILLER, JUDGE:

Writ of error to the judgment of the circuit court of Kanawha County, pronounced on an appeal by plaintiff from the judgment of the intermediate court of said county, reversing its judgment, and without the intervention of a jury, pronouncing the judgment complained of, that plaintiff recover of the defendant the sum of three hundred dollars, the amount sued for, with interest and costs.

The case originated in a justice's court, where the plaintiff

recovered a judgment for the sum sued for. On the trial before a jury in the intermediate court that court sustained defendant's motion to strike out plaintiff's evidence and directed a verdict for defendant.

The cause of action as disclosed by the evidence certified from the intermediate court was the balance claimed by plaintiff to be due him on a fifty per cent. dividend on the capital stock declared by defendant on July 17, 1908. Plaintiff held sixteen shares of the par value of fifty dollars each, which, according to his testimony, he purchased directly from the company at par in January, 1908, when he paid down $500.00 thereon, and the balance of $300.00, in March following, but according to the evidence of the bookkeeper of the company, the first payment was made March 16, 1908, and the second a week or so before July 17, 1908, so that he had fully paid for the stock before the declaration of the dividends in July.

The net earnings of the company for the year preceding the declaration of the dividend on July 17, 1908, according to the testimony of the bookkeeper, were $13,045.92; the capital stock outstanding, approximately, $36,000.00. The company obtained its charter under the general law July 12, 1907, so that it had been in business only about a year when dividend was declared in July, 1908, and according to his evidence the stock had been subscribed and paid for by the several stockholders between those dates.

At a meeting of the stockholders held January 25, 1908, a resolution appears to have been adopted to the effect that as there were stockholders who had not fully paid for their stock but had shown a willingness to work and help the company it was ordered that if they were then ready to pay therefor they should be allowed to share in the profits made during the "blast", or, as we understand it, the current working year, but by amendment to the original resolution it was provided that stockholders coming in after that date should not have the benefit of the resolution.

Over the objection of the defendant, plaintiff introduced in evidence the minutes of the meeting of the stockholders held on July 17, 1908, presided over by the president of the

company, showing the reading of the monthly statement, and the minutes of the previous meeting of the board of directors, and showing also that after the reading of said minutes, and on motion of one of the stockholders the recommendation of the board of directors to declare a dividend of 30% was rejected by a majority of the votes, and on motion of another stockholder it was ordered that a dividend of 50% be declared, of which, according to the language of the minutes, "15% to be paid in cash", and 35% when the company was able to pay the same, "leaving 35% to be used as working capital and beside to reserve a fund of $1,000.00 to be applied on bonds when necessary."

This corporation was organized by the glass workers and their purpose seems to have been to operate it on a sort of co-operative plan, by which they would receive regular wages, and divide the net profits at the end of the year. The dividend in question was the first to be declared after the organization, and although there seems to have been a board of directors the stockholders appear to have overridden the action of the board and the business of the company seems to have been under their direct supervision and control.

With respect to the execution of the order declaring the dividend the bookkeeper testified that by direction of the president, and pursuant to the resolutions referred to, he paid to the stockholders by way of dividends sums in proportion to the amount of stock held by them, and the time it was subscribed or paid for, in three installments, the first in July, the second in December, 1908, and the third on April 10, 1909; and that the total amount paid plaintiff on this basis was $71.66, and that on this basis practically the whole amount of the ascertained profits as of July, 1908, were distributed to the stockholders. The stock sold during the year 1908, and up to July, 1908, was $12,000.00, or one third of the total capital stock of $36,000.00. The record shows, also, that plaintiff accepted the payments of dividends made him without objection, that afterwards he was elected and until a short time before the bringing of this suit served as a director of the company, and shared in the distribution of dividends for subsequent years, and had some knowledge

at least of the business of the company, and participated in the conduct of the business as had other stockholders and directors.

On the record thus presented three grounds of error are relied on for reversal: First, the declaration of the dividend was illegal and void, because, (a) the board of directors alone are authorized to declare dividends; (b) the amount of the dividend declared was in excess of the net profits; (c) the sum so applied was a part of the capital account of the company; second, that plaintiff is estopped by his conduct in accepting the dividends paid him in 1908, and in the subsequent years, and by his conduct as a director, and by not making demand for the amount alleged to be due him on the dividend declared in July, 1908, until September 29, 1913; third, that the circuit court pronounced the judgment complained of *sponte sua* without the intervention of a jury and contrary to law.

On the first point, it is true as a general rule, as provided by section 39, chapter 53, of the Code, that the board of directors, the governing body of a corporation, alone is authorized to declare dividends. But with respect to the defendant corporation, the stockholders, by common consent, were permitted to participate directly in the management and control of the corporation, and the declaration of the dividend by the resolution of July, 1908, was participated in by stockholders and directors, and the order was executed by the president and other officers in payment thereof. As the rights of no creditors are now in any way involved, the defendant, we think, is estopped to deny the validity of such corporate action; the board of directors it must be assumed accepted the action of the stockholders, and the corporation must be regarded as bound thereby. 3 Cook on Corporations, (7th ed.) section 712.

And with respect to the other branches of this proposition, that the dividend declared was in excess of the net profits, and was an impairment of the capital stock of the company, it seems sufficient to answer that the rights of no creditor are involved; the company was solvent and practically had no debts. And as against a stockholder who was denied his

pro rata share of the dividend declared, the defendant cannot justify its action on the ground of its illegal action. *Stoddard* v. *Shetucket Foundry Co.*, 34 Conn. 542; *McDonald* v. *Williams*, 174 U. S. 397.

On the second proposition, involving the question of estoppel, we do not think the principles of estoppel can be applied. True, the plaintiff was paid and received, apparently without objection, the amount of the dividend apportioned by the president and secretary to his stock, but the sum paid him was not his full pro rata share, and his demand and right of action against the company still remains, unless discharged in some lawful way.

There is nothing in our statute authorizing such classification of stockholders for the distribution of dividends, as was attempted in this case. Presumably every stockholder is entitled to share equally according to the shares held by him in the distribution of dividends, and cannot be denied this right by the arbitrary action of stockholders or directors. If plaintiff was a stockholder July 17, 1908, he was the equitable owner of a proportionate amount of the capital or assets of the corporation, and in any liquidation of its business, would have been entitled to participate in the profits or losses in proportion to the shares held by him, unless controlled by contract denying him that right. There is no doubt that there may be a classification of stockholders, such as common and preferred, and that their rights and interests may be fixed in advance of contract, but the authorities hold that without notice or some proviso of the contract a stockholder cannot be deprived of the rights and benefits which his contract calls for or implies. Helliwell on Stock and Stockholders, section 315; *Jones* v. *Terre Haute & Richmond R. Co.*, 57 N. Y. 196, and cases cited.

It is not shown that plaintiff knew anything about the resolution of the stockholders of January 25, 1908. Besides if he subscribed for his stock prior to that date and was then ready to pay the balance, he would have been within the terms of the resolution entitling him to share in the profits. Mr. Helliwell, in the section cited, after referring to the right to classify stockholders, says: "Where, however, there

is an attempt to divide the shares of the corporation into classes, conferring different forms and degrees of rights, after the shares have been subscribed for or purchased, there is a material alteration of the contract to which the subscriber or purchaser has become a party. The contract of membership involves, as essential elements thereof, the par value of the shares and the relative rights touching corporate management and control. Unless, therefore, consent to an alteration of the contract is given, or the power to alter the relative rights conferred by the ownership of shares has been reserved prior to the date of the subscription or purchase in such manner as to become a part of the contract, the corporation possesses no power to discriminate between its various members. Where, therefore, the issue of capital stock is all of one class, dividends must be declared to all shareholders in proportion to their respective holdings. And, further, where the corporation has issued both common and preferred stock, the dividend declared to the holders of one of such classes must be proportional. Thus, a declaration of a dividend upon all shares issued, with the exception of certain shares held by a party specified by the resolution, where such party is in the same class as the others to whom the dividend is paid, is void for discrimination.'' The same doctrine is laid down with even more precision in 2 Cook on Corporations, (7th ed.) section 540, and cases cited. There can be no doubt we think that under the general rule plaintiff was entitled to share pro rata with all other stockholders who held stock at the date of the dividend. It is argued, however, that the rights and interests of other stockholders have been prejudiced by the action and conduct of plaintiff. If so, the record does not show it. It may be that the dividends for the subsequent years, shared in by plaintiff perhaps, were slightly increased, but that fact could not work injury prejudicial to stockholders, and the rights of creditors, not intervening, or being in any way injuriously affected this fact becomes unimportant. The underlying principle of estoppel is that some one must have been injured or prejudiced by the action or conduct of the one asserting a right against him. Nothing of the kind appears in this case to

preclude the plaintiff from asserting and prosecuting his rights against the defendant corporation.

The third and last point of error relied on for reversal we think is well founded. The judgment of the intermediate court, reversed by the circuit court, was based on a directed verdict after the lower court had on motion of defendant excluded the plaintiff's evidence. The law is well settled that when the pleadings are sufficient and issue properly joined thereon, and the case depends on those issues, the court usurps the province of the jury by pronouncing judgment non obstante veredicto, or otherwise. *Holt* v. *Otis Elevator Co.,* 78 W. Va. 785, 90 S. E. 333.

True as argued by plaintiff's counsel a motion to strike out the evidence was quoad that motion equivalent to a demurrer thereto; but neither the trial court, nor the appellate court could do more than act favorably or adversely thereon; if overruled, the court could not proceed to judgment without giving the opposite party the right to introduce his evidence.

Our opinion, therefore, is to reverse the judgment and to remand the action to the circuit court for further proceedings.                    *Reversed and remanded.*