# Hochman, Appellant, *v.* Mortgage Finance Corporation et al.

*Res judicata—Equity — Identity of parties — Subject-matter — Corporation—Directors—Repayment of monies—Illegal dividends —Solvent company.*

1. The doctrine of res judicata should be supported, maintained and applied in proper cases and its application should not be restricted by technical requirements, but a broad view should be taken of the subject, having always in mind the actual purpose to be attained.

2. The rule should not be defeated by minor differences of form, parties or allegations, when they are contrived only to obscure the

real purpose,—a second trial in the same cause between the same parties.

3. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties in the later suit had actually an opportunity to appear and assert their rights.

4. The parties should not, by a shifting of plaintiffs on the record, or by a change in the character of the relief sought, be permitted to nullify the rule.

5. The requirements for application of the rule are that there be an identity of the parties and of subject-matter in the two actions.

6. If the whole cause of action in the second case is the same as in the first, not only the issues actually adjudicated in the first proceeding, but also those which might have been raised and passed upon, are concluded.

7. Where a bill is filed by a stockholder and director of a corporation, against the corporation alone, to recover sums of money alleged to be due the company from two directors, and the bill is dismissed, such a decree is res judicata of a second suit brought by another director and stockholder in which the corporation and the directors are made defendants, and for the same relief.

8. In such case, the fact that the directors are joined as parties defendant does not prevent the application of the rule of res judicata.

9. If the relief asked in the later bill could have been obtained in the earlier one, it should have been asked.

10. The fact that in the later bill relief was sought because of the payment of an illegal dividend, is immaterial if it appears that a receiver was asked for in the former suit with authority to collect "all moneys due."

*Corporations—Dividends—Alleged illegal dividends—Equity.*

11. A bill against a corporation and its directors to compel the repayment of an alleged illegal dividend, will not be sustained where it appears that the corporation was solvent, that it had no creditors, that it was not transacting business, that it was in process of dissolution, and that plaintiffs had participated in the dividend, and had made no offer to return their shares.

Argued January 31, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 44, Jan. T., 1927, by plaintiff, from decree of C. P. Northampton Co., (in equity) No. 4, Nov. T.,

1924, dismissing bill in equity, in case of I. B. Hochman v. Mortgage Finance Corporation of Penna., and P. W. Love et al., directors and officers of the Mortgage Finance Corporation of Pennsylvania. Affirmed.

Bill for accounting, appointment of receiver, and repayment of money to corporation defendant. Before McKeen, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*C. F. Smith,* of *Smith & Paff,* for appellant.—The case is not res judicata: Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Beeber v. Wilson, 285 Pa. 312; Fell v. Pitts, 263 Pa. 314; Cheat Val. R. R. v. Humes, 211 Pa. 287; Kelly v. Thomas, 234 Pa. 419; Loan Soc. of Phila. v. Eavenson, 248 Pa. 407; Com. T., I. & T. Co. v. Seltzer, 227 Pa. 410.

The parties were not the same: Walker v. Phila., 195 Pa. 168; Peterson v. Lothrop, 34 Pa. 223.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellees.—The decree of the court in the Beitel Case is conclusive against the plaintiff in the present case under the doctrine of res judicata: Tasin v. Bastress, 284 Pa. 47; Weaver v. Lutz, 102 Pa. 593; Rauwolf v. Glass, 184 Pa. 237; First Nat. Bk. v. Dissinger, 266 Pa. 349; McGunnegle v. R. R., 269 Pa. 404; Peoples Water Co. v. Pittston, 241 Pa. 208; Schwan v. Kelly, 173 Pa. 65; New Orleans v. Bank, 167 U. S. 371; Nernst Lamp Co. v. Hill, 243 Pa. 448; Dettra v. Phila., 245 Pa. 139; Stradley v. Cement Co., 228 Pa. 108; Wolf v. R. R., 195 Pa. 91; McCloskey v. Snowden, 212 Pa. 249, 253; Roney v. West Lake, 216 Pa. 374; Kelly v. Thomas, 234 Pa. 419; Wilson v. Brown, 269 Pa. 225, 227; Green v. Bogue, 158 U. S. 478.

OPINION BY MR. JUSTICE KEPHART, March 21, 1927:

Beitel, a minority stockholder and a director of defendant corporation, filed a bill, under an agreement with plaintiff and several others, asking for the appointment of a receiver, alleging certain acts of mismanagement. The prayer was refused, and no appeal was taken. Thereafter, plaintiff, another director and stockholder, filed the present bill, joining the other directors as parties defendant with the corporation. The averments and prayers in both bills were substantially the same. The court below held that all the material issues of fact had been adjudicated adversely to the claims of the present plaintiff, and that the whole matter was res judicata. Appellant contends he is not bound by the result of the former litigation.

It is a general principle of public policy, making for the general welfare, for the certainty of individual rights, and for the dignity and respect of judicial proceedings, that the doctrine of res adjudicata should be supported, maintained and applied in proper cases. Nor should its application be restricted by technical requirements, but a broad view should be taken of the subject, having always in mind the actual purpose to be attained. The rule should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose,—a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule. This is a universal rule and is well stated by our present Chief Justice in State Hospital v. Con. Water Co., 267 Pa. 29, 37. The requirements for application of the rule are that there be

an identity of parties and of subject-matter in the two actions. The first of these requirements being present, all issues that were actually adjudicated in the former action are concluded (Bower's Est., 240 Pa. 388; First Nat. Bank of Wrightsville v. Dissinger, 266 Pa. 349) ; and if the whole cause of action in the second case is the same as in the first, not only the issues actually adjudicated in the first proceeding, but also those which might have been raised and passed upon are concluded. If, then, the issues in the present case could have entered into the determination of the first case, they should have been presented; and if they were omitted for any cause, the judgment or decree entered thereon is conclusive between the parties or their privies. See Morrett v. Fire Assn., 265 Pa. 9, 12 and 13.

The present action, as stated above, is a stockholder's bill against the corporation and its directors. So, also, the parties plaintiff are substantially the same in both cases. The first bill was against the company only, but the addition of the officers of the corporation as parties to a second proceeding does not prevent the application of the doctrine of estoppel.

The purpose of the second proceeding was to recover certain sums of money from the two directors named as defendants, which had been paid without legal authorization. But this was the very thing the first proceeding was intended to accomplish. As we read the averment of that bill, and the findings of fact, there can be no question about it. The chancellor there found that money had been paid to the two directors without any authority from the board of directors, contrary to law, and that a promissory note had been given by one of them to cover this payment. Other sums were found to have been paid to employees, and, further, the corporation refused to enter suit on the note above mentioned. The court below held that the amounts given to the directors were not paid with the purpose of defrauding the company, but under a claim of right for services actually

rendered; and that there was no fraud or mismanagement in the company's affairs, the institution of suit on the note being a discretionary matter for the board. In point of fact, the maker of the note was worthless, and a suit would have been a vain thing.

The prayer in the first bill was for the appointment of a receiver to recover the moneys due the corporation. The relief asked was sufficiently comprehensive to have included the recovery of these sums had the case warranted such action, but the court below dismissed that bill and the decree stands undisturbed.

We conclude, from our examination of the record, that there was an identity of subject-matter, cause of action, parties, and quality in the persons for or against whom the claim is made, in the two proceedings, and the addition of other parties to the original action did not make it a new cause of action, (34 C. J. 396, 757; Loyal Orange Institution v. Morrison, 269 Pa. 564), nor do we consider the prayer for different remedies in the two proceedings material. If the relief asked in the latter bill could have been obtained in the prior action it should have been asked, and, since the cause of action is the same, all matters which might have been litigated in the former proceeding are concluded. A party cannot escape the bar of the judgment against him by bringing a new suit on the same cause of action, but in a different form of action or proceeding, unless the relief sought in the second action was not or could not have been germane to the first proceeding: see 34 C. J. 613, 614; Marsh v. Pier, 4 Rawle 273; People's Water Co. v. Pittston, 241 Pa. 208, 212; New Orleans v. Citizens' Bank, 167 U. S. 371. The fact that a different measure of relief is asked by the plaintiffs in the latter suit does not deprive defendants of the protection of the prior proceedings and the decree in their favor: Green v. Bogue, 158 U. S. 478.

Another argument concerns an item omitted from the first bill but included in the second. It related to the

payment of a dividend out of capital. While the averments did not cover this item specifically, the findings of fact did cover the payment in much detail, and the relief asked,—authority to collect "all moneys due,"—would have enabled the receiver to compel the return of the illegal dividend, if the court concluded that such action was proper. While it is unnecessary to discuss this question in view of what we have held above as to the effect of the prior case upon the present bill, we think that the action of the court below denying relief was proper.

The learned chancellor was influenced by the following circumstances: The defendant corporation was solvent; it had no creditors, was in process of dissolution, and was no longer transacting any business; finally, and of the greatest importance, this complainant Hochman, and Beitel, complainant in the former suit, each received his proportionate share of the illegal dividend and made no offer at any time to return it.

It was held in McDonald v. Williams, 174 U. S. 397, that the receiver of a national bank could not recover from the stockholders a dividend paid out of capital where the bank was solvent at the time when the dividend was paid. And in Thiry v. Window Glass Co., 81 W. Va. 39, 93 S. E. 958, in a suit by a stockholder to recover his pro rata share of a dividend thus declared, the corporation, which was solvent, could not justify its refusal to pay on the ground that the dividend was declared out of capital. In Stoddard v. Shetucket Foundry Co., 34 Conn. 542, 544, where the same result was reached as in the Thiry Case, the court said, "when the other stockholders are willing to repay the company the fund they assumed they had withdrawn from it, they will stand in a better condition to call upon the court by some proper application for that purpose to restrain the plaintiff from withdrawing a part of the capital in the shape of a dividend." The rule with respect to dividends has relation to the protection of creditors whose

interest makes it vital that capital should not be impaired. It may, perhaps, be invoked for the protection of the minority stockholders of a "going concern" when the impairment of capital, while not rendering the corporation insolvent, interferes with its activities and endangers its existence. This question, however, does not arise in the present case since the corporation is in process of liquidation.

The decree of the court below is affirmed, at the cost of appellant.