J-A12042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BEATRICE JIMENEZ, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN ADAMS, DISTRICT ATTORNEY OF BERKS COUNTY, AND BERKS COUNTY CHILDREN AND YOUTH SERVICES, | |
| Appellee | No. 1834 MDA 2014 |

Appeal from the Order entered October 1, 2014,
in the Court of Common Pleas of Berks County,
Civil Division, at No(s): 13453-2014

BEFORE: BOWES, DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                     **FILED MAY 12, 2015**

Beatrice Jimenez ("Appellant") appeals from the trial court's order granting summary judgment in favor of John Adams, District Attorney of Berks County, and Berks County Children and Youth Services ("DA/CYS"). We affirm on the basis of collateral estoppel.

The trial court recited the background of this case, which is critical to our disposition, as follows:

> On or about May 22, 2014, [DA/CYS] filed a petition to compel [Appellant] to produce her daughter for an interview, In Re: A.C., Docket No. DP-406-13, in the Court of Common Pleas of Berks County, Juvenile Division, before Judge Scott D. Keller.
>
> The Petition was in response to [Appellant's] refusal to cooperate with [DA/CYS] in facilitating a Children's Alliance Center ("CAC") interview with [Appellant's] daughter, A.C., based upon allegations brought to [DA/CYS] that [Appellant's]

husband inappropriately touched her daughter. CAC protocol is designed to create an environment in which the child feels safe as possible to encourage the child to be honest without any fear of repercussion. The purpose of the interview is to determine if the child is being harmed. It is an investigatory exercise, not a legal one. [Appellant] refused to produce the child for the interview unless an attorney of her choice would be permitted to be present during the interview. The attorney [Appellant] chose is the same attorney who represented her husband in another case where the attorney was successful in getting the charges based on similar allegations dismissed. [DA/CYS] both pointed out that CAC protocols for interviewing minor children in circumstances such as these precluded having the non-offending parent, or any representative on their behalf, present during the interview. Both [DA/CYS] argued that having the attorney who represented [Appellant's] husband would likely have an even greater chilling effect.

On or about May 23, 2014, [Appellant] filed an Action for Declaratory Judgment against [DA/CYS] in the above captioned matter seeking a determination as to whether an attorney of [Appellant's] choosing should be permitted to be present during the interview; whether [Appellant] violated 18 Pa.C.S.A. § 4958; and whether a Guardian Ad Litem should be appointed for A.C.

On or about June 18, 2014, the Juvenile Court heard the Petition to Compel In Re: A.C., and ordered [Appellant] to produce A.C. for an interview at CAC to be conducted in accordance with CAC protocol, pursuant to which [Appellant's] attorney would not be permitted to be present during the interview. [Appellant] timely filed an appeal from the Juvenile Court's order to the Superior Court.

On or about July 7, 2014, [DA/CYS] filed a Motion for Summary Judgment on the above captioned matter. On or about July 21, 2014, [DA/CYS] also filed a Motion to Disqualify [Appellant's] Counsel in the above captioned matter. Argument on [DA/CYS's] Motions was held on August 25, 2014, and August 27, 2014. Subsequently, between the filing of [DA/CYS's] Motions and Argument on the Motions, A.C. was interviewed by the CAC pursuant to the Juvenile Court's Order.

During Argument, District Attorney Kurland advised the parties and this Court that the District Attorney would not be pursuing any criminal investigation or charges against

[Appellant] or [Appellant's] attorney in relation to this matter based upon the information they presently have.

Trial Court Opinion, 10/1/14, at 1-3 (emphasis added).

The trial court proceeded to explain:

The question at the heart of this matter is whether a non-offending parent is entitled to have an attorney of their choice attend a CAC interview of their child. In the instant case, that issue has already been decided by Judge Keller's June 18, 2014, Juvenile Court Order, which expressly stated that in accordance with CAC protocol, [Appellant's] attorney was not permitted to be present during the interview. That Order is now under appeal to the Superior Court.

[Appellant] attempts to distinguish Judge Keller's Order, arguing that it only addresses whether a non-offending parent or their chosen designee can attend a "forensic" interview with the child and not "any" interview with the child. We disagree. The matter before this Court relates to a forensic interview, conducted to determine whether the child had been inappropriately touched by [Appellant's] husband. That is the only type of interview pertinent to the dispute which gave rise to this action.

*Id*. at 3-4.

On October 1, 2014, the trial court determined that there was "no genuine issue as to any material fact", and granted DA/CYS's motion for summary judgment. *Id*. at 5. Appellant appealed on October 29, 2014. The trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents six issues for our review:

A. WAS THE GRANTING OF THE MOTION FOR SUMMARY JUDGMENT PREMATURE BECAUSE DISCOVERY RELEVANT TO THE MOTION FOR SUMMARY JUDGMENT HAS NOT BEEN COMPLETED BY APPELLEES?

B. DID THE ISSUE DECIDED BY THE HONORABLE SCOTT D. KELLER THAT THE APPELLANT COULD NOT HAVE COUNSEL PRESENT AT A "FORENSIC INTERVIEW" RESOLVE ALL THE ISSUES IN THIS DECLARATORY JUDGMENT ACTION WHERE APPELLANT ARGUED THAT SHE HAD A RIGHT TO HAVE AN ATTORNEY OF HER CHOICE OBSERVE AND HEAR ANY INTERVIEW OF HER DAUGHTER, INCLUDING A "FORENSIC INTERVIEW," TO PROTECT HER DAUGHTER?

C. DID THE ASSISTANT DISTRICT ATTORNEY'S STATEMENT DURING ORAL ARGUMENT BEFORE THE LOWER COURT THAT THEY WOULD NOT PURSUE CRIMINAL CHARGES AGAINST APPELLANT AND/OR HER ATTORNEY "AT THIS TIME" BASED ON THE INFORMATION THEY PRESENTLY HAD RESOLVE ALL ISSUES OF MATERIAL FACT CONCERNING WHETHER APPELLANT'S ASSERTION OF A CONSTITUTIONAL RIGHT TO HAVE COUNSEL PRESENT FOR ANY INTERVIEW OF HER DAUGHTER WAS AN OBSTRUCTION OF THE COMMONWEALTH'S INVESTIGATION IN VIOLATION OF 18 Pa. C.S.A. §4958(b)(1)?

D. ARE THE ISSUES RAISED IN THIS DECLARATORY JUDGMENT ACTION RENDERED MOOT AFTER THE MOTION FOR SUPERSEDEAS BEFORE THE LOWER COURT WAS DENIED, AFTER THE EMERGENCY MOTION TO STAY FILED BEFORE THE PENNSYLVANIA SUPERIOR COURT WAS DENIED, WHEN APPELLANT THEN COMPLIED WITH THE LOWER COURT'S ORDER TO PRODUCE HER DAUGHTER FOR A "FORENSIC INTERVIEW" WITHOUT COUNSEL BEING PRESENT?

E. IN VIEWING THE RECORD IN THE LIGHT MOST FAVORABLE TO APPELLANT, THE NON-MOVING PARTY, WAS THE MOTION FOR SUMMARY JUDGMENT TO APPELLANT'S DECLARATORY JUDGMENT ACTION PROPER BASED ON THE SPECIFIC ISSUES RAISED IN THIS APPEAL?

F. IS THE DECLARATORY JUDGMENT ACTION A VALID ALTERNATIVE TO DETERMINE IF A PARTICULAR SECTION OF THE CRIMES CODE APPLIES TO A COMMON SET OF FACTS WITHOUT A PARTICULAR PERSON RAISING THE SAME ISSUE BY BEING PROSECUTED FOR VIOLATING THE LAW AND CREATING A "TEST" CASE?

Appellant's Brief at 4-5.

When reviewing an appeal from the grant of summary judgment, we recognize:

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear:  the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party.  Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Weissberger v. Myers*, 90 A.3d 730, 733 (Pa. Super. 2014) (citation omitted).

Here, it is significant that this Court, on March 5, 2015, at docket 1110 MDA 2014, decided Appellant's appeal from the order directing her to produce her daughter for an interview at the CAC.  *In re:  A.C.*, *a minor*, ___ A.3d ____ (Pa. Super. 2015) (unpublished memorandum).  We affirmed the trial court, and in doing so, expressly determined, *inter alia*, that Appellant's issue as to the constitutionality of the CAC interview protocol vis-à-vis Appellant's right to have counsel of her choosing present at the interview was moot.  *Id*. at 5.  We additionally concluded that even if the issue were not moot, Appellant's claim was without merit.  *See id*. at 6-8.

- 5 -

As the trial court observed, the "question at the heart of this [declaratory judgment] matter is whether a non-offending parent is entitled to have an attorney of their choice attend a CAC interview of their child." Trial Court Opinion, 10/1/14, at 3. The trial court further stated that in her declaratory judgment action, Appellant was "asking this Court to render an advisory opinion on a matter which is factually moot and presently under appeal to the Superior Court." *Id*. at 4.

Reduced to their essence, Appellant's six issues in this appeal regurgitate her ongoing assertion before the trial court and in her prior Superior Court appeal that she had "a right to have an attorney of her choice present at the interview of her daughter." Appellant's Brief at 11. Appellant claims that her declaratory judgment action against DA/CYS "presents a valid alternative to determine if a particular section of Pennsylvania Crimes Code, to wit: 18 Pa.C.S.A. §4958(b)(1), violates Appellant's right to counsel under the 14th Amendment to the United States Constitution when [DA/CYS] are insisting that Appellant requesting an attorney of her choice be present to any interview of her daughter 'obstructs, interferes with or impairs or prevents' their investigation of alleged child abuse." *Id*. We disagree. Upon review, it is obvious that Appellant is attempting to relitigate issues which have been or could have been litigated. Appellant is collaterally estopped from doing so.

We recently explained:

> Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated. *Balent v. City of Wilkes–Barre,* 542 Pa. 555, 669 A.2d 309, 313 (1995).
>
> Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment. *Catroppa v. Carlton*, 998 A.2d 643, 646 (Pa. Super. 2010). (citation omitted).

***Weissberger***, ***supra***.

Here, Appellant is clearly attempting to revive her prior contentions, arguments, and issues regarding the preclusion of the appearance of her attorney at the CAC interview of her daughter.  We cannot entertain Appellant's renewed efforts.  In disallowing an employer to "revisit … and, in a disguised way, to relitigate," the initial finding of an employee's disability, our Supreme Court observed:

> We acknowledge that the term "res judicata" is a somewhat sloppy term and that it is sometimes used to cover both *res judicata* itself (claim preclusion) as well as collateral estoppel ("broad" *res judicata* or issue preclusion).  Collateral estoppel, broad *res judicata* or issue preclusion "forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *City of Pittsburgh v. Zoning Board of Adjustment of Pittsburgh,* 522 Pa. 44, 55, 559 A.2d 896, 901 (1989).

***Hebden v. W.C.A.B. (Bethenergy Mines, Inc.),*** 632 A.2d 1302, 1304 (Pa. 1993).

- 7 -

Further:

> As the Court recently decided in *Callowhill Center Associates [LLC v. Zoning Board of Adjustment*, 2 A.3d 802 (Pa.Cmwlth.2010)], the doctrine of res judicata/collateral estoppel applies not only to matters decided, **but also to matters that could have, or should have, been raised and decided in an earlier action.** Our decision in *Callowhill Center Associates* recognized well-settled precedent that collateral estoppel applies if there was adequate opportunity to raise issues in the previous action. *Stevenson v. Silverman,* 417 Pa. 187, 208 A.2d 786 (1965); *Hochman v. Mortgage Finance Corporation,* 289 Pa. 260, 137 A. 252 (1927).
>
> *Bell v. Township of Spring Brook*, 30 A.3d 554, 558 (Pa.Cmlwth.2011) (emphasis supplied).

***Buyfigure.com, Inc. v. Autotrader.com, Inc.***, 76 A.3d at 561 (citations omitted).

In sum, Appellant in the present appeal is pursuing a "disguised way to relitigate" her claim that she should have been permitted to have her attorney present during the – now past and thus moot – CAC interview of her daughter. **Hebden,** 632 A.2d at 1305. Accordingly, we find no error of law or abuse of discretion in the trial court's entry of summary judgment in favor of DA/CYS.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015

- 8 -