J-A15004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| F-M REALTY COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY BROWN AND MARIA N. | : | No. 877 MDA 2017 |
| TROXELL, HELEN E. TROXELL, | : | |
| GEORGE TROXELL, ELIZABETH T. | : | |
| RANDALL, THOMAS N. TROXELL, | : | |
| GILBERT N. TROXELL, EDGAR R. | : | |
| TROXELL, JR., AND C. ROSA | : | |
| TROXELL, THEIR HEIRS, | : | |
| SUCCESSORS AND ASSIGNS | : | |

Appeal from the Judgment Entered August 23, 2017
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2015-11152

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.               **FILED MARCH 07, 2019**

Appellant, F-M Realty Company, appeals from the judgment in favor of Appellee, Jerry Brown, which rejected, after a non-jury trial, F-M Realty's complaint seeking ejectment and to quiet title to a parcel of lakeside property.[1]  The trial court decided that Appellant's claims were precluded by

---

[1] Appellant purports to appeal from the order of May 8, 2017 (filed May 9) denying reconsideration of its claims.  **See** Appellant's Brief, at 2.

"It is well-established that [a]ppeals to this Court are usually permitted only after entry of a final judgment .... [a]n appeal to this Court can only lie from

*res judicata* based on a previous case which had awarded quiet title in favor of then-plaintiff, Jerry Brown, now the defendant/Appellee in this case. We affirm.

We derive the facts of the case from the trial court opinion and our independent review of the record. **See** Trial Court Opinion, 12/20/16, at 1-3. The parcel in dispute is a strip of land consisting of about 5,100 square feet on Harvey's Lake between the lake road and the low water mark of the lake. Appellee has built a dock on the parcel. Appellant is the legal owner of property on Harvey's Lake abutting the parcel at issue in this appeal.

Investors Diversified obtained title to the land, with appurtenances, from the Tax Claim Bureau of Luzerne County as trustee.[2] Investors Diversified subsequently sold the parcel at issue to Brown.

In 2013, Brown filed an action to quiet title in the Court of Common Pleas of Luzerne County. That pleading claimed ownership under a deed and

---

judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions." **McEwing v. Lititz Mut. Ins. Co.**, 77 A.3d 639, 645 (Pa. Super. 2013) (citation omitted).

After this Court issued a rule to show cause, Appellant had judgment entered in the trial court on August 23, 2017. We have amended the caption accordingly.

[2] Appellant acknowledges that Investors Diversified also obtained a quitclaim deed to the parcel at issue from the Wilkes-Barre Association for the Blind. **See** Appellant's Brief, at 9.

by adverse possession.[3] He named as defendants all successors, transferees, assigns, and all other persons claiming by, or through, the Troxell title, which traced ownership rights back to Ephraim Troxell. In 1880, Ephraim Troxell acquired a larger property which included the parcel at issue.[4] Appellant asserts that it can claim title to the disputed property through the Troxell title. However, as discussed further below, it does not argue on appeal that it has legal title through the operation of deeds in the Troxell title chain.

After a bench trial, by order of court dated November 25, 2013, the Honorable Joseph Sklarosky, Jr. entered judgment in favor of then-plaintiff, Jerry Brown, now Appellee/defendant in this case, as against all claimants under the Troxell chain of succession. Judge Sklarosky's order granted F-M Realty, Appellant in this case, thirty days to file an action in ejectment. *See* Trial Ct. Op., at 2. When F-M Realty did not file within the thirty days, a praecipe for final judgment was filed January 24, 2014, on which the court entered judgment.

Therefore, by virtue of the prior decision, Appellee Brown has legal title to the parcel in dispute, which is located along the shoreline of Harvey's Lake.

---

[3] Specifically, Brown claimed by way of conveyance from Investors Diversified, LLC on October 12, 2012 and a deed filed to the Luzerne County Recorder Deed Book 3012 at page 212003.

[4] An order for service by publication was issued and filed on October 1, 2013.

In this appeal, the Honorable William H. Amesbury notes that Appellant F-M Realty instituted this action on October 5, 2015, almost two years after the expiration of the time designated by Judge Sklarosky's order for a challenge to the original order. *See* Trial Court Opinion, 12/20/16., at 2.

At the non-jury trial, Appellant introduced testimony that it put in railroad ties and gravel on the parcel, as well as cutting the grass and shrubs. Appellee disputed these assertions, claiming that the railroad ties were something of blot on the landscape, that the gravel was mostly gone, and that the grass cutting was intermittent at best. At the conclusion of the trial, the court found in favor of Appellee.

Judge Amesbury made the following findings of fact:

1) The expert testimony presented at trial by both a surveyor and title searcher clearly demonstrated that [Appellant's] deed did not convey rights to the low water mark of the lake.

2) The expert testimony at trial clearly explained that deeds for parcels of land at Harvey's Lake often traced back to a time when Harvey's Lake was part of Lake Township.

3) The deed obtained by Investors Diversified from Luzerne County Tax Claim Bureau is the same parcel in dispute in this action, regardless of its Lake Township description.

4) [Appellant's] evidence regarding the installation of railroad ties, gravel, and the cutting of grass and shrubs does not satisfy the necessary elements of adverse possession.

5) [Appellant's] adverse possession evidence did not meet the threshold as to visible and notorious, distinct and exclusive, and hostile.

6) [Appellant] failed to challenge [Appellee] Brown's Quiet Title Action of 2013, nor did [Appellant] bring a timely Ejectment Action subsequent to the Court Order of November 2013.

*Id.*, at 2-3.

The trial court also made the following conclusions of law:

1) Title as to the contested parcel of land as between these parties is *res judicata*.

2) Title to the contested parcel is in [Appellee] Jerry Brown.

3) An Action for Ejectment cannot succeed absent legal ownership.

*Id.*, at 3.

Appellant presents four questions for our review:

1. Whether the [trial c]ourt's Finding of Fact No. 3 that the deed obtained by Investors Diversified from Luzerne County Tax Claim Bureau is the same parcel in dispute in this action regardless of its Lake Township description is contrary to the evidence and an abuse of discretion[?]

2. Whether the [trial c]ourt's Finding of Fact No. 4 that [Appellant's] evidence regarding the installation of railroad ties, gravel and the cutting of grass and shrubs does not satisfy the necessary elements of adverse possession is contrary to the evidence and an abuse of discretion[?]

3. Whether the [trial c]ourt committed an error of law in concluding title to the contested parcel of land as between the parties is *res judicata*[?]

4. Whether the [trial c]ourt committed an error of law in concluding title to the contested parcel is in the [Appellee], Jerry Brown[?]

Appellant's Brief, at 4 (unnecessary capitalization omitted).

Preliminarily, although Appellant purports to trace its title back to the Jesse Fell Warrant of 1792 (the original predecessor in title to the Troxell interests), it declines to develop an argument in support of ownership by deed, asserting a relaxed burden for claims of ancient origin. *See* Appellant's Brief, at 16. Instead, Appellant asserts that it has a prescriptive easement, *see id.*, at 16, 18, or has acquired the disputed parcel by adverse possession (*see id.* at 6, 25). Citing various discrepancies in legal descriptions, Appellant argues generally that Appellee Brown received quiet title to a different parcel entirely, so that *res judicata* does not apply. We disagree.

Our standard of review is well-settled.

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Stephan v. Waldron Elec. Heating & Cooling LLC*, 100 A.3d 660, 664–65 (Pa. Super. 2014) (citation omitted).

In this appeal, we address Appellant's third question first, because it is dispositive. Appellant asserts that the trial court erred in concluding that the

issue of title as between the parties was *res judicata*. **See** Appellant's Brief, at 6, 19-23. We disagree.

The doctrine of *res* judicata holds that "[a] final judgment upon the merits by a court of competent jurisdiction bars any future suit. . . ." **Mintz v. Carlton House Partners, Ltd.**, 595 A.2d 1240, 1245 (Pa. Super. 1991) (citation omitted). It requires that "the two actions possess the following common elements: 1) identity of the thing sued upon; 2) identity of the cause of action; 3) identity of the parties; 4) identity of the capacity of the parties." **Kelly v. Kelly**, 887 A.2d 788, 792 (Pa. Super. 2005) (citation omitted).

Notably, Appellant fails to develop a legal argument supported by citation to pertinent authority (or any legal authority whatsoever) that the trial court's legal conclusion was in error. **See id.**, at 19-23. Instead, in a somewhat meandering treatment, Appellant maintains that the parcel in dispute in this appeal is not the same parcel that was at issue in the preceding litigation. **See id.** Appellant does not challenge the existence of any other element of *res judicata*.

Appellant cites, among other claims, purported discrepancies in various legal descriptions of the property. However, it fails to support this argument by reference to pertinent authority, as required by our Rules of Appellate Procedure.

> **General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, **followed by such**

> **discussion and citation of authorities as are deemed pertinent**.

Pa.R.A.P. 2119(a) (emphasis added).

"The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (citation, brackets, and quotation marks omitted). "[T]his Court has held that arguments which are not sufficiently developed are waived." *Brody v. Brody*, 758 A.2d 1274, 1281 (Pa. Super. 2000) (citation omitted). While we do not find Appellant's argument waived, we conclude it has failed to establish any error on the part of the trial court.

Furthermore, whether the parcel of land in dispute is the same parcel previously at issue is a question of fact, not law. Under our standard of review, we consider the evidence in the light most favorable to the verdict winner, and we give the findings of fact of the trial judge the same weight and effect as the verdict of a jury. *See Stephan*, 100 A.3d at 664-65.

Here, the trial court explicitly found that the parcel at issue was the same as the parcel previously in dispute. *See* Trial Court Opinion, 12/20/16, at 2-3; Findings of Fact ¶¶ 2, 3. The trial court also noted that a change in the legal organization of local governments involved accounted for discrepancies in reference to Harvey's Lake Borough versus Lake Township. *See id.*

Significantly, as emphasized by our Pennsylvania Supreme Court:

As pertinently stated in **Hochman v. Mortgage Fin. Corp.**, 289 Pa. 260, 263, 137 A. 252, 253 (1927); 'The [doctrine of *res judicata* ] should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose,—a second trial on the same cause between the same parties.  The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which **the present parties actually had an opportunity to appear and assert their rights**.  If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule.' (Emphasis supplied [in original quotation].)

**Stevenson v. Silverman**, 417 Pa. 187, 208 A.2d 786, 788 (1965).

**BuyFigure.com, Inc. v. Autotrader.com, Inc.**, 76 A.3d 554, 561 (Pa. Super. 2013).

On independent review, we conclude that the trial court properly determined that the judgment in the prior case was *res judicata*.  It resolved all issues as to all parties.  Appellant's assertion of error on the issue of *res judicata* does not merit relief.  Because the trial court properly determined that the prior judgment was *res judicata*, we need not address Appellant's additional issues and we decline to do so.[5]

---

[5] However, in the interest of clarity and completeness of review we note that Appellant's brief fails to distinguish between the legal concepts of easement by prescription and title acquired by adverse possession.  **See**, **e.g.**, Appellant's Brief, at 16-17); **cf. Newell Rod & Gun Club, Inc. v. Bauer**, 597 A.2d 667, 669–70 (Pa. Super. 1991).  Moreover, our Supreme Court has explained that "a tax sale extinguishes all previous titles," and excludes "all

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/07/2019</u>

---

other claimants to the land of a prior date." ***Herder Spring Hunting Club v. Keller***, 143 A.3d 358, 366–67 (Pa. 2016) (citations omitted).